

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*Alexander E. Ramey*  
*Assistant United States Attorney*

*2021R01141/AER*

402 East State Street, Room 430  
Trenton, New Jersey 08608

609-989-2190  
Direct: 609-656-2559

May 16, 2025

**RECEIVED**

OCT 02 2025

AT 8:30_____M  
CLERK, U.S. DISTRICT COURT - DNJ

**VIA ELECTRONIC MAIL**

David Bahuriak  
Bahuriak Law Group  
518 S. 3rd Street  
Philadelphia, PA 19147

Criminal Number: 25-584-01 (MAS)

Re:   **Plea Agreement with Andre Trott**

Dear Mr. Bahuriak:

This letter sets forth the plea agreement between your client, ANDRE TROTT ("TROTT"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on May 30, 2025, if it is not accepted in writing by that date. If TROTT does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from TROTT to an Information, which charges him with, while serving as a Senior Registered Environmental Health Specialist for the City of Trenton, Division of Health, Bureau of Environmental Health ("BEH"), knowingly and intentionally conspiring and agreeing with others, to embezzle, steal, obtain by fraud, misapply, and otherwise without lawful authority knowingly convert to the use of any person other than the rightful owner $5,000 or more in overtime wages, which constituted money owned by, and under the care, custody, and control of the City of Trenton and BEH, between in or around February 2018 through in or around May 2022, contrary to 18 U.S.C. § 666(a)(1)(A), in violation of 18 U.S.C. § 371. If TROTT enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against TROTT for embezzling and conspiring and agreeing with others to embezzle and steal funds paid by the City of Trenton and BEH for overtime hours in connection with lead remediation work between in or around February 2018 through in or around May 2022, as set forth in the Criminal Complaint in

*United States v. Martin Moore and Andre Trott*, 24-MJ-3036 (TJB).

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against TROTT even if the applicable statute of limitations period for those charges expires after TROTT signs this agreement, and TROTT agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 371 to which TROTT agrees to plead guilty in the Information carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The prison sentence on the offense may run consecutively to any prison sentence TROTT is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon TROTT is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence TROTT ultimately will receive.

Further, in addition to imposing any other penalty on TROTT, the sentencing judge as part of the sentence:

(1) will order TROTT to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order TROTT to pay restitution pursuant to 18 U.S.C. §§ 3663A;

(3) may order TROTT, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4) must order criminal forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

(5) pursuant to 18 U.S.C. § 3583, may require TROTT to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should TROTT be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, TROTT may be sentenced to not more than 2 years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, TROTT agrees to pay full restitution in the amount of at least $52,554.03 for all losses resulting from the offense of conviction or the scheme, conspiracy, or pattern of criminal activity underlying the offense. The calculation of the losses resulting from the offense of conviction and the scheme, conspiracy, or pattern of criminal activity underlying the offense of conviction is ongoing and subject to change at sentencing; however, the parties agree that the loss amount is at least $52,554.03. This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. TROTT fully understands that if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with the stipulations in this paragraph, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or TROTT from any portion of this agreement, including any other stipulation.

TROTT fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately upon judgment.

Forfeiture

As part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), TROTT agrees to forfeit to the United States all property, real or personal, constituting, or derived from, proceeds TROTT obtained directly or indirectly as a result of the offense charged in the Information. TROTT further agrees that the aggregate value of such property was at least $52,554.03; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the aggregate value of the forfeitable property discussed above, in an amount not to exceed $52,554.03 (the "Money Judgment"). TROTT consents to the entry of an order requiring TROTT to pay

the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to TROTT prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating TROTT's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

TROTT further agrees that upon entry of the Order, this Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

TROTT waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. TROTT understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. TROTT waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. TROTT further understands that TROTT has no right to demand that any forfeiture of TROTT's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon TROTT in addition to forfeiture.

TROTT further agrees that no later than the date he enters his plea of guilty, TROTT will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If TROTT fails to do so, or if this Office determines that TROTT has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on TROTT by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of TROTT's activities and relevant conduct with respect to this case.

Stipulations

This Office and TROTT will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and TROTT waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

TROTT understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. TROTT understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. TROTT wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. TROTT understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, TROTT waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. TROTT also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against TROTT. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude TROTT from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between TROTT and this Office and supersedes any previous agreements between them. No

additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

*Alexander E. Ramey*
By: ALEXANDER E. RAMEY
Assistant U.S. Attorney

APPROVED:

*Ronnell L. Wilson*
RONNELL L. WILSON
Chief, Special Prosecutions Division

    I have received this letter from my attorney, David Bahuriak, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 5/23/25
ANDRE TROTT


    I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date: 5.23.25
DAVID BAHURIAK, ESQ.
Attorney for ANDRE TROTT

8

## Plea Agreement with ANDRE TROTT

## Schedule A

1.  This Office and ANDRE TROTT ("TROTT") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.  The version of the Guidelines effective November 1, 2024 applies in this case.

Conspiracy to Commit Federal Program Theft (Feb. 2018 through May 2022)

3.  Pursuant to U.S.S.G. § 2X1.1(a), the applicable guideline is U.S.S.G. § 2B1.1. This guideline carries a base offense level of 6, because the statutory maximum term of imprisonment for a violation of 18 U.S.C. § 666(a)(1)(A) is less than 20 years. U.S.S.G. § 2B1.1(a)(2).

4.  TROTT agrees that the offense of conviction involved a loss amount of more than $40,000 but less than $95,000, resulting in an increase to the offense level of 6 levels. U.S.S.G. § 2B1.1(b)(1)(C).

5.  This Office and TROTT agree to stipulate that the victims, specifically, the City of Trenton and the City of Trenton, Division of Health, Bureau of Environmental Health, collectively sustained a loss in the amount of at least $52,554.03 as a result of the offense of conviction or the scheme, conspiracy, or pattern of criminal activity underlying the offense.

Acceptance of Responsibility

6.  As of the date of this letter, TROTT has demonstrated a recognition and affirmative acceptance or personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if TROTT's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

7.  If TROTT establishes at sentencing that he both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a further two-level reduction in his offense level, resulting in a total Guidelines offense level of 8; otherwise TROTT's total Guidelines offense level will be 10 (the "Total Offense Level").

Sentencing Recommendation

8.  Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under

Chapter 4 of the Guidelines without any departure or variance, except that TROTT reserves the right to seek a downward variance to a sentence of probation, and the United States reserves the right to oppose any such request for a variance.

Waiver of Appeal and Post-Sentencing Rights

9. If the term of imprisonment does not exceed 12 months, and except as specified in the next paragraph below, TROTT will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If no term of imprisonment is imposed, i.e., a non-custodial sentence, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

10. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    a. Any proceeding to revoke the term of supervised release.

    b. A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    c. An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).